Matthew M. Levy, J.
The petitioners are three partners of a firm originally consisting of five. The respondents are the administratrix of a deceased partner and her son, also a partner. The petitioners move to stay an arbitration which had been demanded by the respondents under the aegis of the American Arbitration Association. The dispute concerns the rights and obligations of the survivors and of the estate of the deceased partner with respect to the valuation to be placed upon the real property owned by the partnership.
*466 The proposed arbitration is objected to first, upon the ground that the parties must rely upon the determination of the firm’s regular accountant; second, that the parties,had not sought to agree upon a “mutually satisfactory arbitrator”, which is claimed by the petitioners to be a condition precedent to invoking the arbitration machinery of the Association; and, third, because the demand for arbitration was made not alone by the deceased partner’s representative but also by a living partner who had no right under the contract to make such demand.
The basic agreement was made by the five partners with disparate percentage interests in the partnership. Two provisions of the contract are here involved. The first is paragraph 9 thereof, which provides: “ 9. In the event of the death of any one or more of the partners, the remaining partners shall continue the partnership and shall be required to purchase the interest of such deceased partner, and the executor or administrator of the deceased partner shall be required to sell the same, at its fair value as of the last day of the month in which the death of such deceased partner occurred. In determining such fair value, no allowance shall be made for good-will, and the determination of the partnership’s regular accountants shall be conclusive as to all matters except the valuation of the real property owned by the partnership. If the parties are unable to agree on the fair value of such real property, within thirty days after the giving of written notice as aforesaid, the same shall be determined by arbitration to be held in New York in accordance with the rules of the American Arbitration Association then in effect. The amount due to the estate of the deceased partner, determined as hereinabove provided, shall be apportioned among each of the surviving partners in accordance with their respective interests in the capital of the partnership.”
The other paragraph is No. 11, and it reads: “ 11. In the event of any dispute upon an accounting or as to the interpretation or performance of this agreement, the parties hereto agree for themselves and their heirs, executors or administrators, to submit such dispute to arbitration before a mutually satisfactory arbitrator, whose decision shall be conclusive and binding upon the parties. If the parties are unable to agree upon a mutually satisfactory arbitrator, the matter shall be submitted to a single arbitrator to be designated by the American Arbitration Association, and such arbitration shall be held in accordance with the rules of said Association then in effect.”
It is clear to me from a study of the foregoing clauses of the contract that the survivors and the representative of the *467 deceased in the first instance must endeavor to come to an agreement as to fair value, if they can— and there is no dispute that this was unsuccessfully sought to be done — and if they cannot, that valuation is then placed exclusively in an arbitration. There is no provision whatsoever with respect to an accountant’s appraisal of fair value as a condition to arbitration or to any preliminary efforts to arrive at an agreement by the parties upon an arbitrator. There is no issue here involving an accounting between the parties or as to the interpretation of the agreement or as to its performance. The estate desires to sell the deceased partner’s interest and it is not disputed that there is an obligation to purchase, and the only issue is as to the value to be placed upon the real property owned by the firm. In the circumstances, I hold that it is Clause No. 9 that is applicable.
It is to be noted, as I have said, that the arbitration was demanded not alone by the representative of the decedent’s estate, but also by one of the surviving partners, against the petitioners, three of the surviving partners, and it is the contention of the latter that an arbitration can be demanded only as against the continuing partnership and only by the estate. In my view, the fact that there is an added applicant for arbitration would not vitiate the demand of the administratrix in her own right on behalf of the estate of the deceased partner. Moreover, it is the “ remaining partners ”, each having a different percentage obligation, — not the partnership as an entity — who are required to purchase the deceased partner’s interest in the firm. And, since the administratrix and the other individual respondent have come to agreement as between themselves, no reason appears why the demand cannot be made by them as against the remaining partners, rather than abiding by the formalism of having the son named by his mother as a respondent in the arbitration proceeding. All of the parties are, in any event, before the arbitrator.
The parties have not agreed as to valuation and the matter has been presented for arbitration. Those demanding arbitration have complied with the provisions of the agreement. None of the objections, whether procedural or otherwise, has merit. The motion is therefore denied, and the stay contained in the order to show cause (as extended by me upon the argument of this application) is vacated.